UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICANS FOR PUBLIC TRUST,<br><br>*Plaintiff*,<br><br>v.<br><br>FEDERAL AVIATION<br>ADMINISTRATION,<br><br>*Defendant*. | Civil Action No. 23-1743 (JEB) |

## **ANSWER**

Defendant Federal Aviation Administration, by and through the undersigned counsel, respectfully responds as follows to the separately numbered paragraphs and prayer for relief in Plaintiff Americans for Public Trust's complaint, ECF No. 1, in this case under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Any allegations not specifically admitted, denied, or otherwise responded to below are hereby denied. To the extent the complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their complete and accurate contents, but such references are not intended to be, and should not be construed as, an admission that the cited materials are (1) correctly cited or quoted by Plaintiff, (2) relevant to this, or any other, action, or (3) admissible in this, or any other, action. For ease of reference, this answer replicates the headings contained in the complaint. Although Defendant believes such headings require no response, to the extent a response is deemed required and those headings and titles could be construed to contain factual allegations, those allegations are denied.

1.      This paragraph consists of Plaintiff's characterization of this action, which requires no response.

2.      Admitted.

3.      Defendant admits that Plaintiff submitted a FOIA request on November 22, 2022, avers that the request is the best evidence of its contents, respectfully refers the Court to the request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

4.      Defendant admits that Plaintiff submitted a FOIA request on January 9, 2023, avers that the request is the best evidence of its contents, respectfully refers the Court to the request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

5.      Defendant admits that Plaintiff submitted a FOIA request on January 11, 2023, avers that the request is the best evidence of its contents, respectfully refers the Court to the request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

6.      Denied.

7.      This paragraph consists of Plaintiff's characterization of this action, which requires no response. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

**PARTIES**

8.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9.      Defendant admits that it is a component of the Department of Transportation. The remainder of this paragraph consists of legal conclusions, which require no response.

**LEGAL STANDARD**

10.     This paragraph consists of purported excerpts and characterization of a statute and regulations. Defendant avers that such materials are the best evidence of their contents, respectfully refers the Court to such materials for complete and accurate statements of their contents, and denies any allegations inconsistent therewith.

11.     This paragraph consists of purported excerpts and characterization of a statute and regulations. Defendant avers that such materials are the best evidence of their contents, respectfully refers the Court to such materials for complete and accurate statements of their contents, and denies any allegations inconsistent therewith.

12.     This paragraph consists of purported excerpts and characterization of a statute and regulations. Defendant avers that such materials are the best evidence of their contents, respectfully refers the Court to such materials for complete and accurate statements of their contents, and denies any allegations inconsistent therewith.

13.     This paragraph consists of purported excerpts and characterization of a statute and regulations. Defendant avers that such materials are the best evidence of their contents, respectfully refers the Court to such materials for complete and accurate statements of their contents, and denies any allegations inconsistent therewith.

14.     This paragraph consists of purported excerpts and characterization of a statute and regulations. Defendant avers that such materials are the best evidence of their contents, respectfully refers the Court to such materials for complete and accurate statements of their contents, and denies any allegations inconsistent therewith.

15.     This paragraph consists of purported excerpts and characterization of a statute. Defendant avers that this statute is the best evidence of its contents, respectfully refers the Court

to the statute for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

## JURISDICTION AND VENUE

16.    This paragraph consists of legal conclusions, which require no response.

17.    Defendant admits that it is located at the referenced address, and that its FOIA office is located at that address as well. The remainder of this paragraph consists of legal conclusions, which require no response.

## FACTS

18.    The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there is some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

19.    The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

20.    The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent the allegations seek to provide background facts in support

of allegations of public interest, Defendant lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

21.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of this paragraph. The allegations in the remainder of this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant lacks knowledge or information sufficient to form a belief as to the extent of that public interest, including as compared to any countervailing interests.

22.    Defendant admits that Plaintiff submitted FOIA requests on November 22, 2022, January 9, 2023, and January 11, 2023, avers that these requests are the best evidence of their contents, respectfully refers the Court to these requests for complete and accurate statements of their contents, and denies any allegations inconsistent therewith.

**A.  The APT FOIA Requests**

23.    Defendant admits that Plaintiff submitted a FOIA request on November 22, 2022, avers that the request is the best evidence of its contents, respectfully refers the Court to the request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

24.    Defendant admits that Plaintiff submitted a FOIA request on November 22, 2022, avers that the request is the best evidence of its contents, respectfully refers the Court to the request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

25.    Denied.

26.    Defendant admits that Plaintiff submitted a FOIA request on January 9, 2023, avers that the request is the best evidence of its contents, respectfully refers the Court to the request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

27.    Defendant admits that Plaintiff submitted a FOIA request on January 9, 2023, avers that the request is the best evidence of its contents, respectfully refers the Court to the request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

28.    Defendant admits that Plaintiff submitted a FOIA request on January 9, 2023, avers that the request is the best evidence of its contents, respectfully refers the Court to the request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

29.    Denied.

30.    Defendant admits that Plaintiff submitted a FOIA request on January 11, 2023, avers that the request is the best evidence of its contents, respectfully refers the Court to the request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

31.    Defendant admits that Plaintiff submitted a FOIA request on January 11, 2023, avers that the request is the best evidence of its contents, respectfully refers the Court to the request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

32.    Defendant admits that Plaintiff submitted a FOIA request on January 11, 2023, avers that the request is the best evidence of its contents, respectfully refers the Court to the request

for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

33.    Denied.

**B.  The FAA's Response to the APT FOIA Requests**

34.    Defendant admits that Plaintiff sent it an email on February 27, 2023, avers that the email is the best evidence of its contents, respectfully refers the Court to the email for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

35.    Defendant admits that it sent Plaintiff an email on March 2, 2023, avers that the email is the best evidence of its contents, respectfully refers the Court to the email for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

36.    Defendant admits that Plaintiff sent it an email on March 2, 2023, avers that the email is the best evidence of its contents, respectfully refers the Court to the email for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

37.    Defendant admits that it sent Plaintiff a second email on March 2, 2023, avers that the email is the best evidence of its contents, respectfully refers the Court to the email for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

38.    This paragraph contains legal conclusions, which require no response. To the extent a response is required, denied. Defendant admits that it sent Plaintiff an email on March 29, 2023, avers that the email is the best evidence of its contents, respectfully refers the Court to the email for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

39.    Defendant admits that Plaintiff sent it an email on April 17, 2023, avers that the email is the best evidence of its contents, respectfully refers the Court to the email for a complete

and accurate statement of its contents, and denies any allegations inconsistent therewith. Defendant denies the second sentence of this paragraph.

40.     Defendant admits that it sent Plaintiff an email on May 1, 2023, avers that the email is the best evidence of its contents, respectfully refers the Court to the email for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

41.     In response to the allegations in the first sentence of this paragraph, Defendant admits that it sent Plaintiff an email on May 2, 2023, avers that the email is the best evidence of its contents, respectfully refers the Court to the email for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith. The remaining allegations in this paragraph contain legal conclusions, which require no response. To the extent a response is required, denied.

42.     Defendant admits that Plaintiff sent it an email on May 12, 2023, avers that the email is the best evidence of its contents, respectfully refers the Court to the email for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

43.     In response to the allegations in the first sentence of this paragraph, Defendant admits that it sent Plaintiff an email on May 16, 2023, avers that the email is the best evidence of its contents, respectfully refers the Court to the email for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith. The remaining allegations in this paragraph contain legal conclusions, which require no response. To the extent a response is required, denied.

44.     In response to the allegations in the first two sentences of this paragraph, Defendant admits that it sent Plaintiff an email on May 26, 2023, avers that the email is the best evidence of its contents, respectfully refers the Court to the email for a complete and accurate statement of its

contents, and denies any allegations inconsistent therewith. The remaining allegations in this paragraph contain legal conclusions, which require no response. To the extent a response is required, denied.

45.    Defendant admits the allegations in the first sentence of this paragraph. Defendant admits that it sent Plaintiff an email on June 15, 2023, avers that the email is the best evidence of its contents, respectfully refers the Court to the email for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith. The remaining allegations in this paragraph contain legal conclusions, which require no response. To the extent a response is required, denied.

46.    This paragraph consists of legal conclusions, which require no response. To the extent a response is required, denied.

47.    This paragraph consists of characterization of Plaintiff's claims, which require no response. To the extent a response is required, denied.

## FIRST CLAIM FOR RELIEF[1]
### (Failure to Comply with Statutory Deadlines in Violation of FOIA)

48.    Defendant realleges and reincorporates its responses to paragraphs 1 through 47 as if fully set forth herein.

49.    This paragraph consists of purported excerpts and characterization of a statute and regulations. Defendant avers that such materials are the best evidence of their contents, respectfully refers the Court to such materials for complete and accurate statements of their contents, and denies any allegations inconsistent therewith.

---

[1]    This footnote consists of legal conclusions, which require no response.

50.     This paragraph consists of purported excerpts and characterization of a statute and regulations. Defendant avers that such materials are the best evidence of their contents, respectfully refers the Court to such materials for complete and accurate statements of their contents, and denies any allegations inconsistent therewith.

51.     This paragraph consists of legal conclusions, which require no response.

52.     This paragraph consists of legal conclusions, which require no response.

53.     This paragraph consists of legal conclusions, which require no response.

54.     This paragraph consists of legal conclusions, which require no response. Defendant admits that it sent Plaintiff emails on the specified dates, avers that the emails are the best evidence of their contents, respectfully refers the Court to these emails for complete and accurate statements of their contents, and denies any allegations inconsistent therewith.

55.     This paragraph consists of legal conclusions, which require no response. This paragraph consists of purported excerpts and characterization of a statute and regulations. Defendant avers that such materials are the best evidence of their contents, respectfully refers the Court to such materials for complete and accurate statements of their contents, and denies any allegations inconsistent therewith.

56.     This paragraph consists of legal conclusions, which require no response.

57.     This paragraph consists of legal conclusions, which require no response.

**SECOND CLAIM FOR RELIEF**
**(Unlawful Withholding of Agency Records in Violation of FOIA)**

58.     Defendant realleges and reincorporates its responses to paragraphs 1 through 57 as if fully set forth herein.

59.     This paragraph consists of purported excerpts and characterization of a statute. Defendant avers that this statute is the best evidence of its contents, respectfully refers the Court

to the statute for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

60.    This paragraph consists of legal conclusions, which require no response.

61.    This paragraph consists of legal conclusions, which require no response.

### THIRD CLAIM FOR RELIEF
### (Declaratory Judgment)

62.    Defendant realleges and reincorporates its responses to paragraphs 1 through 61 as if fully set forth herein.

63.    This paragraph consists of legal conclusions, which require no response.

The remaining allegations in Plaintiff's complaint consist of Plaintiff's "Prayer for Relief," which requires no response. To the extent a response may be deemed required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

\*        \*        \*

In further response to the complaint, Defendant raises the following defenses. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses in this answer as the facts and circumstances giving rise to the complaint become known to Defendant throughout the course of this litigation.

<u>First Defense</u>

Plaintiff's FOIA request does not reasonably describe the records sought.

<u>Second Defense</u>

Plaintiff's FOIA request is unduly burdensome.

<u>Third Defense</u>

Defendant conducted an adequate search for records responsive to the FOIA requests.

<u>Fourth Defense</u>

Plaintiffs are not entitled to production of records protected from disclosure by one or more applicable exemptions the release of which records foreseeably would harm an interest that the exemption protects, or which records are protected from disclosure by one or more applicable exclusions.

### Fifth Defense

Plaintiffs are not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

### Sixth Defense

The Court lacks subject matter jurisdiction over this action to the extent that any requested relief exceeds the relief authorized by the FOIA.

### Seventh Defense

Plaintiffs are neither eligible for nor entitled to attorneys' fees or costs.

### Eighth Defense

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480,

at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that

plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

Dated: August 4, 2023                    Respectfully submitted,

                                         MATTHEW M. GRAVES
                                         D.C. Bar #481051
                                         United States Attorney

                                         BRIAN P. HUDAK
                                         Chief, Civil Division

                         By:    /s/
                                         BRADLEY SILVERMAN
                                         D.C. Bar #1531664
                                         Assistant United States Attorney
                                         601 D Street NW
                                         Washington, DC 20530
                                         (202) 252-2575
                                         bradley.silverman@usdoj.gov

                                         *Attorneys for the United States of America*